**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1471**

HERBERT CHARLES WATSON,

Plaintiff - Appellant,

versus

JOHN SNOW, in his official capacity as
Secretary of the Treasury of the United States
of America; JOHN DOES, (1-10),

Defendants - Appellees,

and

CHARLES R. MOBLEY, Individually and in his
capacity as Acting Manager of the local branch
of the Internal Revenue Service,

Defendant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
Senior District Judge. (1:03-cv-00394-FWB)

Argued: March 15, 2007          Decided: April 10, 2007

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** David William McDonald, HICKS, MCDONALD & NOECKER, L.L.P., Greensboro, North Carolina, for Appellant. Joan Brodish Binkley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellees. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Watson (Watson), a former employee of the United States Department of the Treasury, Internal Revenue Service (IRS), brought the present Title VII action against the Secretary of the Treasury of the United States of America, John Snow, in his official capacity (the Secretary), and against Charles Mobley (Mobley), individually and as Acting Manager of the IRS's Greensboro office. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. The gravamen of Watson's Title VII action are his allegations that he failed to receive two separate promotions and was downgraded one rating level on his performance evaluation for the rating period February 1, 2002 to January 31, 2003, all in retaliation for his engaging in protected activity under Title VII.

On July 23, 2004, the district court granted Mobley's motion to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), leaving the Secretary as the sole defendant. Thereafter, on March 20, 2006, the district court disposed of the remainder of the action by granting the Secretary's motion for summary judgment. See Fed. R. Civ. P. 56. Mobley timely noticed the present appeal in which he only challenges the district court's grant of the Secretary's motion for summary judgment.

Having thoroughly reviewed the district court's opinion and the parties' briefs and submissions on appeal, and having heard

oral argument in this case, we conclude that the district court did not err in granting summary judgment in favor of the Secretary. With one exception, we affirm on the reasoning of the district court as stated in its March 20, 2006 Memorandum Opinion. The one exception pertains to Watson's claim that Mobley downgraded him one rating-level from the previous year in his overall performance rating for the annual rating period February 1, 2002 to January 31, 2003. A careful reading of the record indisputably shows that IRS employee Mary Howerton, not Mobley as alleged by Watson, was the "Rater" with respect to Watson's performance evaluation for the annual rating period February 1, 2002 to January 31, 2003.[*] Because there is no evidence in the record that Mary Howerton had any knowledge of Watson's protected activity when she rated his performance for this period, Watson has not proffered sufficient evidence to create a genuine issue of material fact with respect to his Title VII retaliation claim based upon his down-graded performance rating.

In conclusion, the judgment below with respect to Watson's claims against the Secretary is affirmed.

AFFIRMED

---

[*]The district court misspoke when it stated in its Memorandum Opinion that "[o]n February 2, 2003, Mobley downgraded Watson's performance evaluation from 'Fully Exceeds Expectations' to 'Meets Expectations.'" (J.A. 321).